IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF GEORGIA
ATLANTA DIVISION

Matthew Latzman

        Plaintiff *pro se,*

v.

Venza, Inc.

Jeff Venza

        Defendant(s).

CIVIL ACTION FILE NO.

**1:22-CV- 4766**

(to be assigned by Clerk)

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
DEC 0 2 2022
KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## *COMPLAINT*

Plaintiff MATTHEW LATZMAN brings these claims for relief against Defendants VENZA, INC. and JEFF VENZA, and allege:

### INTRODUCTION

1. Plaintiff MATTHEW LATZMAN brings this action against Defendants VENZA, INC. and JEFF VENZA. Plaintiff alleges violations against the Fair Labor Standards Act, as well as breach of contract according to Georgia Code § 13-6-2 et seq.

2. This is an action for relief from Defendants' violations of Plaintiff's workplace rights. Defendants blatantly violated both federal and state wage and hour laws. Plaintiff alleges that Defendants did not pay him his proper wages during the term of his employment.

2. Plaintiff began working for the Defendants on January 26, 2019 and signed an employment agreement which outlined the terms of employment and the conditions needing to

be met in order for promotion and raises.

3. Plaintiff worked for Defendants for over a year and a half as a Security Analyst. Plaintiff was a hard-working, reliable employee who dependably ensured that all work and clients were handled effectively. Plaintiff met every condition that was needed in order to obtain the raise structure that was outlined in his employment contract with Defendants.

4. Plaintiff communicated with Defendants over 5 times during the last 8 months of his employment regarding the unpaid wages and was given assurances by one of the Defendants, Jeff Venza, that all outstanding wages would be paid and that his salary would be adjusted to the correct amount. None of those took place.

5. In April 2020, Defendants cut Plaintiff's salary by 75%. Plaintiff was required to work 40 plus hours per week with a salary that was significantly lower than was stated in his employment agreement.

6. Plaintiff separated from Defendants and their organization in August of 2020, 6 months into the start of the coronavirus pandemic.

7. In November 2020, Plaintiff learned that Defendants re-paid their employees for the lost wages from earlier on in the pandemic. Plaintiff never received any re-payment for any of the wages that were taken from him from April-August of 2020.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq.

9. This Court has supplemental jurisdiction over the related state law and local ordinance claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under the Georgia Labor Code, the Unfair Competition Law, the Fair Pay Act, the Georgia Administrative Code

and Georgia common law form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with his federal law claims, and the parties are identical. Resolving all state and federal claims in a single action serves the interest of judicial economy, convenience, and fairness to the parties.

10. Pursuant to 28 U.S.C. § 1391(b) and Civil Local Rule 13-6-2, venue is proper in the Northern District of Georgia because Plaintiff resides in this District, Defendants reside and employed Plaintiff in this District, and the unlawful employment practices alleged herein giving rise to Plaintiff's claims occurred in this District.

## NATURE OF THIS ACTION

11. This is an action brought pursuant to the FLSA, Georgia Labor Code, the Unfair Competition Law, the Fair Pay Act, the Georgia Administrative Code, Georgia contract code, and state common law to obtain relief from Plaintiff.

12. This action brought by Plaintiff to secure declaratory relief and damages to remedy Defendants' violations of federal, state, and local employment and contracts laws by failing to adequately compensate Plaintiff for the hours he worked, and to secure declaratory, compensatory, and punitive damages.

## PARTIES

13. Plaintiff MATTHEW LATZMAN is a current resident of Fulton County in Atlanta, Georgia. He was employed as a Security Analyst for Defendants from on or about January 26, 2019 to August 9, 2020.

14. Defendants VENZA, INC. is, on information and belief, a limited liability corporation doing business in Georgia. On information and belief, JEFF VENZA is the sole owner and CEO of VENZA, INC. At all times relevant herein Defendant VENZA, INC. was

Plaintiff's employer covered by the FLSA, the Georgia Labor Code, Georgia Contracts Code, and Georgia's Administrative Code.

15.     Defendant JEFF VENZA is, on information and belief, an adult resident in Fulton County in Atlanta, Georgia. Defendant VENZA was, during the relevant time period, the sole owner of VENZA, INC on the entity's statement of information filed with the Georgia Secretary of State. At all times relevant herein Defendant VENZA was Plaintiff's employer covered by the FLSA, the Georgia Labor Code, Georgia Contracts Code, and Georgia's Administrative Code. Defendant VENZA controls and is intimately involved in the day-to-day operations of Defendant VENZA, INC and instituted the unlawful practices and violations alleged herein.

16.     The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 5 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. DOES 1 through 5, on information and belief, are individuals or corporations who were acting on behalf of the employers and/or were the employers of Plaintiff, were acting on behalf of the employer in the payment of wages and/or were the employers paying wages to Plaintiff. Plaintiff will amend this Complaint to state their true names and capacities when they have been ascertained.

17.     Plaintiff is informed and believes, and thereon alleges, that Defendants VENZA, INC., JEFF VENZA, and DOES 1 through 5, (collectively "Defendants") each acting as agents and/or employers and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction or control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are agents of each other.

## STATEMENT OF THE FACTS

18. Plaintiff began working for the Defendants on January 26, 2019 and signed an employment agreement which outlined the terms of employment and the conditions needing to be met in order for promotion and raises.

19. Plaintiff worked for Defendants for over a year and a half as a Security Analyst. Plaintiff was a hard-working, reliable employee who dependably ensured that all work and clients were handled effectively. Plaintiff met every condition that was needed in order to obtain the raise structure that was outlined in his employment contract with Defendants.

20. Plaintiff communicated with Defendants over 5 times during the last 8 months of his employment regarding the unpaid wages and was given assurances by one of the Defendants, Jeff Venza, that all outstanding wages would be paid and that his salary would be adjusted to the correct amount. None of those took place.

21. In April 2020, Defendants cut Plaintiff's salary by 75%. Plaintiff was required to work 40 plus hours per week with a salary that was significantly lower than was stated in his employment agreement.

22. Plaintiff separated from Defendants and their organization in August of 2020, 6 months into the start of the coronavirus pandemic.

23. In November 2020, Plaintiff learned that Defendants re-paid their employees for the lost wages from earlier on in the pandemic. Plaintiff never received any re-payment for any of the wages that were taken from him from April-August of 2020.

## FIRST CLAIM FOR RELIEF
### Failure to Pay Wages in Violation of FLSA

24. The allegations of each of the preceding paragraphs are realleged and

incorporated herein by reference.

25. The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, applied to Plaintiff's employment with Defendants at all times relevant herein.

26. Defendants willfully, intentionally, and with reckless disregard failed to pay Plaintiff the wages for all his hours worked in violation of the FLSA.

27. Because of Defendants' unlawful failure and refusal to pay Plaintiff wages, Plaintiff is entitled, pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), to recover his unpaid wages, including interest and liquidated damages thereon, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
### Waiting Time Penalties
### In Violation of the Georgia Labor Code

28. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

29. The Georgia Labor Code applied to Plaintiff's employment with Defendants at all times relevant herein.

30. Georgia Labor Code §§ 201 and 202 mandates that an employer pay its employees all earned wages immediately upon discharge or within 72 hours of the employee's resignation. Georgia Labor Code § 203 authorizes an employee to recover waiting time penalties in an amount equal to the employee's daily wages for up to thirty (30) days if an employer willfully fails to pay any wages earned and due to the employee within the timeframes required by Labor Code §§ 201 and 202.

31. At all relevant times during his employment, Defendants willfully failed to pay Plaintiff all wages due as set forth in the Georgia Labor Code and Wage Order. Defendatns

willfully failed to pay Plaintiff all wages owed to him immediately upon his discharge, and such earned wages remain unpaid, in violation of the Labor Code. Plaintiff has repeatedly demanded that Defendants pay his owed wages, verbally and in writing. To date Defendants have willfully and intentionally refused, and continue to refuse, to pay Plaintiff his owed wages in violation of the Georgia Labor Code.

### THIRD CLAIM FOR RELIEF
### Breach of Contract

32. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

33. At all times relevant herein through Defendants' acts and omissions alleged herein, Defendants committed Breach of Contract that violated Georgia Statute 13-6-2.

34. Defendants' violations of these statutes, regulations, and ordinances independently and separately constitute an unlawful business practice within the meaning of Business and Professions.

35. As a result of the aforementioned acts, Plaintiff has lost and continues to lose money or property, and has suffered and continues to suffer injury in fact.

36. Plaintiff is informed and believes, and based upon such information and belief alleges, that by engaging in the unfair and unlawful business practices complained of herein, Defendants lowered their labor costs and thereby obtained a competitive advantage over law-abiding employers with which they compete.

37. Plaintiff takes upon himself the enforcement of the aforementioned laws and lawful claims. Enforcement of Georgia's laws is in the public interest. There is a financial burden incurred in pursuing this action. Plaintiff therefore seeks recovery of attorney's fees as provided by Code of Civil Procedure.

## DECLARATORY RELIEF ALLEGATIONS

38. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

39. A present and actual controversy exists between Plaintiff and Defendants concerning their rights and respective duties. Plaintiff contents that Defendants violated his rights under FLSA, Georgia Labor Code, Georgia Administrative Code and Georgia Breach of Contract Law. Plaintiff is informed and believes and thereon alleges that Defendants deny any liability to him. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties. Declaratory relief is therefore necessary and appropriate.

40. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful and unfair business practices and acts, and is therefore authorized to pursues injunctive relief against Defendants that is necessary to prevent further unfair business practices and acts.

41. Defendants acted or failed to act as herein alleged with malice or reckless disregard to the protected rights of Plaintiff, and Plaintiff is thus entitled to recover punitive damages in the amount of $300,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment against Defendants as follows:

1. A declaratory judgment that Defendants' actions complained of herein have violated Plaintiff's rights under the FSLA and the Georgia Labor Code;

2. Unpaid wages, and other compensation denied or lost to Plaintiff to date by reason of Defendants' unlawful acts, according to proof;

3. Liquidated damages in an amount equal to wages unlawfully unpaid;

4.     Liquidated damages in an amount equal to back pay unlawfully unpaid;

5.     Waiting time penalties under Labor Code 203 for failure to pay wages due upon separation, according to proof;

6.     General, compensatory, and special damages according to proof;

7.     Exemplary and punitive damages according to proof; and

8.     Interest accrued on Plaintiff's damages, including pre- and post-judgment interest, and an upward adjustment for inflation.

9.     Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Matthew Latzman

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial as provided by Rule 38 (a) of the Federal Rules of Civil Procedure.