IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW LATZMAN,<br>    Plaintiff,<br><br>            v.<br><br>VENZA, INC. and JEFF VENZA,<br>    Defendants. | Civil Action No.<br>1:22-cv-04766-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Matthew Latzman's Motion for Judgment as a Matter of Law [ECF 3] and Defendants Venza, Inc. and Jeff Venza's Motion to Dismiss [ECF 4]. Defendants' motion [ECF 4] is **GRANTED** and Latzman's motion [ECF 3] is **DENIED as moot** for the reasons that follow.

On December 2, 2022, Latzman filed the complaint asserting claims for breach of contract and violation of the Fair Labor Standards Act.[1] Months later, on March 16, 2023, Latzman filed the Motion for Judgment as a Matter of Law.[2] However, Latzman failed to serve Defendants with process at any time after he filed suit. Defendants, appearing specially and without waiving but specifically reserving all defenses arising from jurisdiction, service, process, and venue, make

---

[1] *See generally* ECF 1.

[2] ECF 3.

this point in their March 23, 2023 Motion to Dismiss and in opposition to Latzman's motion.³

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.'" *Rosenhaft v. Citibank, N.A.*, 2012 WL 1080388, at *1 (N.D. Ga. Mar. 29, 2012) (cleaned up) (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)). "It is therefore reversible error for a district court to address the merits of a cause of action when the plaintiff has failed to properly effect service of process in accordance with Federal Rule of Civil Procedure 4." *Igbinigie v. Wells Fargo Bank, N.A.*, 2008 WL 4862597, at *1 (M.D. Ga. Nov. 10, 2008). Because Defendants have challenged service, the Court must address this jurisdictional issue before proceeding to the merits of Latzman's motion. *Robinson v. Nationstar Mortg.*, 2019 WL 11497655, at *2 (N.D. Ga. Apr. 19, 2019), *report and recommendation adopted*, 2019 WL 11499113 (N.D. Ga. May 9, 2019).

Rule 4 of the Federal Rules of Civil Procedure provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). That time is 90 days. *Id.* 4(m). There

---

³   *See generally* ECFs 4, 5.

is no evidence on the docket that Latzman ever served Defendants with process. Indeed, he does not oppose Defendants' contention that they have not been served with process, nor has he proffered good cause for failing to comply with Rule 4(m). *See Robinson*, 2019 WL 11497655, at *4 n.8 (collecting cases and noting that, absent a showing of good cause, the Court must dismiss a case for lack of service of process on its own initiative after notice to the plaintiff or on motion by the defendant).

Defendants' motion [ECF 4] is **GRANTED**, and Latzman's motion [ECF 3] is **DENIED as moot**. The case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 30th day of August, 2023.

Steven D. Grimberg
United States District Court Judge